# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARIANN BRICE,

    *Plaintiff,*

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    *Defendant.*

Case No. 17-1066-EFM

## MEMORANDUM AND ORDER

Plaintiff Mariann Brice seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income under Title XVI of the Social Security Act ("the Act"). Brice alleges that the administrative law judge ("ALJ") erred in assessing her credibility and in discounting the opinion of a treating physician. Concluding that the ALJ's decision is not supported by substantial evidence, the Court reverses the decision of the Commissioner and remands for further consideration.

### I.    Factual and Procedural Background

Brice was 25 years old on her alleged disability onset date, January 24, 2014. She has a high school education with some technical school. She previously worked as a customer service representative at a call center, a file clerk, a daycare teacher, an office assistant, and an assistant in a bridal shop. None of these positions lasted more than a few months, and she has not worked

since June of 2010.  Brice has also been raising three young children with her husband.  On February 26, 2014, she applied for supplemental security income.

Brice's relevant medical history is extensive and dates to April of 2011, when she underwent a spinal fusion surgery.  She was admitted to the emergency room in June of 2011 with a migraine.  Over the next few years she would continue to seek treatment for migraines and lumbar back pain.  She tried several treatment options, including narcotic painkillers, Botox injections, and a spinal cord stimulator, but did not find a permanent solution for her migraines or back pain.  On more than one occasion, the emergency room doctors refused to prescribe Brice painkillers due to concerns that she was exhibiting drug-seeking behavior.

Brice attended a hearing before ALJ Michael Shilling on September 9, 2015.  The ALJ issued his decision on October 15, 2015, finding Brice not disabled.  In his decision, the ALJ assessed Brice's residual functional capacity ("RFC"), concluding that she was capable of a range of sedentary work.[1]  He reached this conclusion after considering the medical evidence and discounting Brice's subjective complaints about her pain, because he found those complaints "not entirely credible."[2]  The ALJ explained that he questioned Brice's credibility because the objective medical evidence and her activities of daily living were not consistent with the degree of limitation she alleged, she had shown improvement with recent treatment, there were multiple instances of doctors suspecting Brice of drug-seeking behavior, and her low lifetime earnings suggested an unwillingness to work.

---

[1] "[T]he undersigned finds that the claimant has the residual functional capacity to perform sedentary work . . . in that she can lift and carry 10 pounds occasionally and 10 pounds frequently, sit for 6 hours out of an 8-hour workday, and stand and walk for 2 hour[s] out of an 8-hour workday. . . . Secondary to reports of chronic pain and potential side effects of medications, she is limited to simple work."  Doc. 10, p. 18.

[2] Doc. 10, p. 19.

The ALJ asked a vocational expert ("VE") whether there were any jobs in the national economy that an individual in Brice's circumstances could work. The VE stated that an individual with Brice's education, work experience, and RFC could work as a document preparer, telephone quotation clerk, or surveillance system monitor. Because there were jobs that an individual in Brice's circumstances could work, the ALJ found that she was not disabled.

Brice requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied her request, and Brice timely filed her complaint appealing that decision in this Court.

## II.    Legal Standard

Judicial review of the Commissioner's decision is guided by the Act, which provides that the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.[3]  The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[4]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[5]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[6]

---

[3] 42 U.S.C. § 405(g).

[4] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[5] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[6] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[7] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[8]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[9] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[10]

The first three steps of the sequential evaluation require the ALJ to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[11] If the impairment does not meet or equal one of these designated impairments, the ALJ must then

---

[7] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[8] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[9] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[10] *Barkley*, 2010 WL 3001753, at *2.

[11] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments."[12]

After assessing the claimant's RFC, the ALJ moves on to steps four and five, which require the ALJ to determine whether the claimant can perform her past relevant work, and if not, then whether she can generally perform other work that exists in the national economy.[13] The claimant bears the burden in steps one through four to prove a disability that prevents performance of her past relevant work.[14] The burden then shifts to the Commissioner at step five to show that, despite her alleged impairments, the claimant can perform other work in the national economy.[15]

### III.    Analysis

Brice challenges the Commissioner's decision by arguing that the ALJ improperly discounted her credibility and did not give enough weight to the opinion of Brice's treating physician. Because of these deficiencies, Brice argues, the ALJ's decision is not supported by substantial evidence. The Court agrees.

**A.    Credibility Findings**

The ALJ found Brice's statements regarding the intensity, persistence, and limiting effects of her symptoms lacked credibility. He based this conclusion on his findings that her complaints of disabling pain were not supported by the objective medical evidence or her activities of daily living, which were not as limited as he would expect based on her complaints. He also noted that

---

[12] *Barkley*, 2010 WL 3001753, at *2; *see also* C.F.R. §§ 404.1520(e), 404.1545.

[13] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[14] *Lax*, 489 F. 3d at 1084.

[15] *Id.*

some physicians had suspected her of drug-seeking behavior, found that her condition had improved with treatment, and concluded that her low lifetime earnings suggested a lack of motivation to work.

A court reviewing an ALJ's decision owes particular deference to the ALJ's credibility findings.[16] However, "deference is not an absolute rule."[17] The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."[18] An adverse credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[19] And because the ALJ, in making a credibility determination, must consider "all the factors 'in combination,' . . . when several of the factors *relied upon* by the ALJ are found to be unsupported or contradicted by the record, [the Court is] precluded from weighing the remaining factors to determine whether they, in themselves, are sufficient to support the credibility determination."[20]

---

[16] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).

[17] *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (citation omitted).

[18] Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *4 (Soc. Sec. Admin. 1996). This Ruling was superseded in March of 2016 by Soc. Sec. Ruling 16-3p; however, the Court will apply 96-7p, as it was the Ruling in effect at the time of the ALJ's decision. *See* Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *1 (Soc. Sec. Admin. 2017) ("[W]e expect the court to review the final decision using the rules that were in effect at the time we issued the decision under review.").

[19] *Kepler*, 68 F.3d, at 391 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)).

[20] *Bakalarski v. Apfel*, 1997 WL 748653, at *3 (10th Cir. 1997) (emphasis in original) (quoting *Huston v. Bowen*, 838 F.2d 1125, 1132 n. 7 (10th Cir. 1988))

At least two of the conclusions drawn by the ALJ are not supported by substantial evidence; accordingly, the case must be remanded. First, the ALJ improperly inferred a lack of motivation to work from Brice's low lifetime earnings, as he did not consider alternative explanations for her low earnings, like her young age or the fact that she was raising three children. Second, the ALJ stated that her condition had improved with treatment, but ignored the fact that any improvement had been incomplete or temporary. In her brief, the Commissioner concedes that the ALJ's reasoning on these two points was flawed. The Court is not permitted to reevaluate Brice's credibility absent these two factors.[21]

The ALJ's evaluation of Brice's activities of daily living was suspect as well. He did not seem to account for the qualifications she put on her activities—such as scooting around on the floor to pick up toys, using a shower chair, having her husband do the laundry, or preparing only simple, microwavable meals. He found that her daily activities were "essentially normal,"[22] a curious finding given Brice's testimony. On remand, the ALJ should carefully evaluate Brice's daily activities, including any qualifications she places on them.

**B.     Medical Opinion**

Brice also argues that the ALJ did not give enough weight to the opinions of Dr. Jessica Yoakam, her primary care physician. The ALJ found that Dr. Yoakam's opinions were inconsistent with Brice's descriptions of her activities of daily living. According to the ALJ, if Brice were as limited as Dr. Yoakam suggested, then she would not be able to engage in all of her daily activities. Because, as noted above, the ALJ's description of Brice's daily activities is

---

[21] *See Bakalarski*, 1997 WL 748653, at *3.

[22] Doc 10, p. 23.

questionable, his decision to discount Dr. Yoakam's opinions is questionable as well. Because the Court is already remanding on the basis of the ALJ's faulty credibility determination, it is unnecessary to fully address this issue. On remand, the ALJ should reconsider the weight given to Dr. Yoakam's opinions, in light of his reassessment of Brice's credibility and her descriptions of her daily activities.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is hereby **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

Dated this 20th day of April, 2018.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE